**FILED**

FEB 1 4 2024

**U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS**



## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  S1 4:23 CR 494 MTS NCC |
| | ) | |
| JOHNATHAN BARNETT, | ) | |
| RYAN MCKINNEY, | ) | |
| JAYDEN BURKLOW, and | ) | |
| WYNTER HINTON, | ) | |
| | ) | |
| Defendants. | ) | |

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

At all times material to this Indictment, unless otherwise specified below:

1.     Bank of America and Wells Fargo Bank, N.A. the deposits of which are insured by

the Federal Deposit Insurance Corporation, are and were financial institutions within the meaning

of Title 18, United States Code, Sections 20 and 1344.

2.     Navy Federal Credit Union, the deposits of which are insured by the National Credit

Union Association, is and was a financial institution within the meaning of Title 18, United States

Code, Sections 20 and 1344.

## COUNT I
## Conspiracy to Commit Bank Fraud (18 U.S.C. § 1349)

3.     Each of the allegations in this Indictment is hereby incorporated by reference as if

fully set forth herein.

4.     Beginning no later than in or around January 2022, and continuing through at least

in or around September of 2023, in the Eastern District of Missouri and elsewhere, the defendants,

**JOHNATHAN BARNETT, JAYDEN BURKLOW,
RYAN MCKINNEY, and WYNTER HINTON,**

and others known and unknown to the Grand Jury, voluntarily and intentionally conspired, combined, and agreed to commit the following offense against the United States: knowingly executed and attempted to execute a scheme and artifice to defraud a financial institution and to obtain money or property in the custody and control of a financial institution, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Section 1349.

### Object of the Conspiracy

5. The object of the conspiracy was to steal checks from the United States mail, alter the information on such checks, and present fraudulent checks to banks for the purpose of obtaining money under the custody and control of financial institutions.

### Manner and Means of the Scheme and the Conspiracy

6. The manner and means of the scheme and conspiracy to commit bank fraud were as follows:

7. BARNETT recruited and caused to be recruited individuals ("Account Holders") who provided him and his co-conspirators debit cards, Personal Identification Numbers ("PINs"), and other banking information for bank accounts belonging to those Account Holders at financial institutions, for the purpose of depositing fraudulent checks into the Account Holders' bank accounts, and then obtaining money under the custody and control of financial institutions by withdrawing cash before the checks were flagged as fraudulent.

8. BARNETT illegally obtained a USPS key from HINTON, a USPS employee, which key BARNETT and others used to open USPS collection boxes in order to steal checks.

2

9. BARNETT offered HINTON money in exchange for use of the USPS key.

10. BARNETT, MCKINNEY, and/or BURKLOW stole mail, or caused the theft of mail, from USPS collection boxes in or around St. Louis County, Missouri, within the Eastern District of Missouri.

11. BARNETT, MCKINNEY, and/or BURKLOW obtained or caused to be obtained personal and business checks that were contained in the stolen mail.

12. BARNETT, MCKINNEY, and/or BURKLOW altered, or caused to be altered checks, obtained from USPS collection boxes in order to make such checks payable to Account Holders, and/or to create counterfeit checks fraudulently made payable to the Account Holders.

13. MCKINNEY and BURKLOW, using the debit cards and PINs belonging to Account Holders, deposited and caused to be deposited the altered and false checks into Account Holders' bank accounts, for the purpose of fraudulently inflating the balances in those accounts and with the ultimate object of withdrawing or obtaining funds from those accounts.

14. In O'Fallon, Illinois, in the Southern District of Illinois, on or about August 24, 2023, MCKINNEY deposited into a Navy Federal Credit Union account ending in 3546 a stolen check in the amount of $14,567.73 that was drawn on a Wells Fargo Bank, N.A., bank account owned by victim A.T. In addition to being stolen, the check deposited by MCKINNEY was fraudulently altered by removing the payee and replacing it.

15. In St. Louis County, in the Eastern District of Missouri, on or about September 1, 2023, BURKLOW deposited into a Bank of America account ending in 3246 a fraudulent check in the amount of $6,904.23 that was drawn on a Bank of America bank account owned by victim W.K. In addition to being stolen, the check deposited by BURKLOW was fraudulently altered by removing the payee and replacing it.

## COUNT II
## Unlawful Use of Mail Key (18 U.S.C. § 1704)

16. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

17. Not later than August 23, 2023, in the Eastern District of Missouri, the defendant,

**WYNTER HINTON,**

possessed a key to an authorized United States Postal Service receptacle for the deposit and delivery of mail matter, with the intent to unlawfully and improperly sell such key, and to cause such key to be unlawfully and improperly used, in or around St. Louis County, Missouri, in violation of 18 U.S.C. § 1704.

## COUNT III
## Possession of Stolen Mail Matter (18 U.S.C. § 1708)

18. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

19. On or about September 15, 2023, in the Eastern District of Missouri, the defendant,

**JOHNATHAN BARNETT,**

did unlawfully have in his possession at 963 Warder Avenue in St. Louis County, Missouri, mail, and articles and things contained therein, that had been stolen from an authorized depository of mail matter, knowing the same to have been stolen, in violation of 18 U.S.C. § 1708.

## COUNT IV
## Possession of Stolen Mail Matter (18 U.S.C. § 1708)

20. Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

21. On or about September 1, 2023, in the Eastern District of Missouri, the defendant,

**JAYDEN BURKLOW,**

4

did receive and unlawfully have in his possession an article of mail, namely a check of victim W.K. in the amount of $6,904.23, altered to be made payable to A.R., which article of mail had been stolen, taken, embezzled, and abstracted from a USPS collection box in St. Louis County, Missouri, in the Eastern District of Missouri, an authorized depository for mail matter, knowing said article of mail to have been stolen, taken, embezzled, and abstracted from an authorized depository for mail matter, in violation of 18 U.S.C. § 1708.

**COUNT V**
**Possession of Stolen Mail Matter (18 U.S.C. § 1708)**

22.    Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

23.    On or about August 24, 2023, in the Southern District of Illinois, the defendant,

**RYAN MCKINNEY,**

did receive and unlawfully have in his possession an article of mail, namely a check of victim A.T. in the amount of $14,567.73, altered to be made payable to D.A., which article of mail had been stolen, taken, embezzled, and abstracted from a USPS collection box in St. Louis County, Missouri, in the Eastern District of Missouri, an authorized depository for mail matter, knowing said article of mail to have been stolen, taken, embezzled, and abstracted from an authorized depository for mail matter, in violation of 18 U.S.C. § 1708.

**COUNT VI**
**Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1))**

24.    Each of the allegations in this Indictment is hereby incorporated by reference as if fully set forth herein.

25.    On or about September 15, 2023, in St. Louis, Missouri, in the Eastern District of Missouri,

**JOHNATHAN BARNETT,**

the Defendant herein, knowingly possessed a firearm, knowing he had previously been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year, and the firearm previously traveled in interstate or foreign commerce during or prior to being in the Defendant's possession.

In violation of Title 18, United States Code, Section 922(g)(1).

## <u>FORFEITURE ALLEGATION</u>

The Grand Jury further finds by probable cause that:

1.       Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1708, or conspiracy to commit such offense, as set forth in Counts I–VI, the Defendant(s) shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation. Subject to forfeiture is a sum of money equal to the total value of property, real or personal, constituting or derived from any proceeds traceable to such violation.

2.       Pursuant to Title 18, United States Code, Section 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1344, as set forth in Counts I–VI, the Defendant(s) shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).   Subject to forfeiture is a sum of money equal to the total value of property obtained directly or indirectly as a result of such violation.

3.       If any of the property described above, as a result of any act or omission of the Defendant(s):

6

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without

difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
CORT A. VANOSTRAN, #67276MO
Assistant United States Attorney